UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X

SHAHLEEK BRADLEY,

             Plaintiff,

      -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
EDWARD CUNNINGHAM, SHIELD #2923,
N.Y.C. POLICE OFFICER HECTOR
RODRIGUEZ, AND N.Y.C. UNDERCOVER
#277, EACH SUED INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,

                  Defendants.

-----------------------------------------------------X

VERIFIED COMPLAINT
AND DEMAND FOR
<u>A JURY TRIAL</u>

    1.  This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## **<u>JURISDICTION</u>**

    2.     This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## **PARTIES**

3.      Plaintiff is a resident of Kings County, New York City in New York State.

4.      At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## **FACTS**

9.   On or about February 25, 2016, plaintiff was falsely arrested by the defendant officers for drug sales that he allegedly committed in March, 2015 in Kings County.

10.      The defendant officers falsely claimed that plaintiff sold to U.C # 277 on three

(3) separate dates, though they knew or reasonably should have known that plaintiff was not the person who made such sales to the undercover.

11.    Plaintiff went to trial on these allegations and on October 23, 2017 he was acquitted by a jury on all charges (Indictment # 274N/2016).

12.    Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

13. Defendant City knew or should have known that prior this date of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

14. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

15.  On  January 15, 2017 a Notice of Claim was served upon the Defendant New York City, setting forth:

      a)      The name and post office address of the Claimant and his attorney;
      b)      The nature of the claim;

c)     The time when, the place where, and the manner in which the claim arose;

d)     The items of damages and injuries sustained so far as practicable.

16.  The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

17.    Plaitiff's 50-H deposition was conducted on March 23, 2018.

18.    New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

19.  This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

20.  Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

**FOR A FIRST CAUSE OF ACTION FOR**
**<u>VIOLATION OF CIVIL RIGHTS</u>**
(False Arrest)

21. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

22. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

23.  Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

24. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

4

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS
### (Monell Violation)

25.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

26.   Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

27. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION

28.   Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

29.   In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

30.     As a result of said abuse of process and malicious prosecution, plaintiff was

compelled to come to court.  Plaintiff went to trial on these allegations and on October 23, 2017

he was acquitted by a jury on all charges (Indictment # 274N/2016).

31.  As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the

damages and injuries aforesaid.  All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under

state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the

Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New

York for compensatory damages in the amount of ONE MILLION ($1,000,000.00) Dollars;

and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City

of New York for punitive damages in the amount of FIVE HUNDRED THOUSAND

($500,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses

pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and

proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
          September 17, 2018

                        RESPECTFULLY,


                      /s/


                      STEVEN A. HOFFNER, ESQ.
                      Attorney for the Plaintiff
                      325 Broadway, Suite 505
                      New York, New York 10007
                      Tel:   (212) 941-8330
                      Fax:   (212) 941-8137
                      (SH-0585)

## **VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated:  New York, New York
         September 17, 2018

                                            _____/s/_____
                                            STEVEN A. HOFFNER, Esq.

8